UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CIVIL ACTION NO.:

DEBORAH FELLNER, )
Individually and on Behalf of Those )
Similarly Situated, )
)
Plaintiffs, )
)
v. )
)
TRI-UNION SEAFOODS, L.L.C., )
d/b/a CHICKEN OF THE SEA, )
)
Defendant. )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, *et seq.*, the Defendant Tri-Union Seafoods, L.L.C., d/b/a Chicken of the Sea International ("Defendant"), by its attorney, hereby removes the entire civil action in the Superior Court of New Jersey, Law Division – Morris County, captioned *Deborah Fellner, Individually and on Behalf of Those Similarly Situated, Plaintiff v. Tri-Union Seafoods, L.L.C., d/b/a Chicken of the Sea, Defendant*, Docket No. L-232-06, to this Court. As grounds for removal, the Defendant states as follows:

1. On or about January 16, 2006, the Class Action Complaint was filed in the Superior Court of New Jersey, Law Division – Morris County. The Defendant received a copy of the Complaint on January 26, 2006

2. Pursuant to 28 U.S.C. § 1441(a), any civil action over which the district courts of the United States have original jurisdiction may be removed from state to federal court.

3. Pursuant to 28 U.S.C. § 1332, the district courts of the United States have original

jurisdiction over any civil action satisfying the requirements for diversity jurisdiction.

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and which may be removed on the petition of the Defendant to this District Court pursuant to 28 U.S.C. §§ 1441 and 1453.

5. This court has original jurisdiction over this action because this is a civil action, and:

   a. The Plaintiff, and purported class representative, both when this action was commenced and now, was and is a citizen of New Jersey; and

   b. The Defendant is a limited liability corporation with its headquarters in California; the Defendant is not organized under the laws of New Jersey, nor does it maintain a principal place of business in New Jersey; and

   c. The amount in controversy for the Plaintiff's individual claims, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a).

4. Further, this court has original jurisdiction over this action because this is a civil action, and:

   a. The Defendant is a limited liability corporation with its headquarters in California; the Defendant is not organized under the laws of New Jersey, nor does it maintain a principal place of business in New Jersey; and

   b. The Plaintiff, both when this action was commenced and now, was and is a citizen of New Jersey; and

   c. The Class Action Complaint is brought on behalf of all individual consumers throughout the United States, and thus is brought on behalf of consumers who are citizens of states other than California; and

   d. The aggregate amount in controversy for all individual consumers throughout the United States, exclusive of interest and costs, exceeds $5,000,000.00. 28 U.S.C. § 1332(d).

5. Finally, this Court should exercise jurisdiction over this matter because:

2

a. The claims asserted involve matters of national and/or interstate interest, particularly as the Class Action Complaint is brought on behalf of all consumers throughout the United States; and

b. Because the Class Action Complaint is brought on behalf of all consumers throughout the United States, the claims asserted will be governed by the laws of all states in which class members reside, and not merely the laws of New Jersey; for instance, said complaint alleges common law fraud on behalf of the entire class; and

c. Despite asserting claims on behalf of all consumers throughout the United States, the Class Action Complaint is pleaded in a manner that attempts to avoid federal jurisdiction; specifically, said complaint primarily sets forth claims pursuant to New Jersey statutory and common law; and

d. New Jersey has no distinct nexus to the class members (all consumers throughout the United States), the alleged harm or the Defendant; and

e. There is no allegation that, nor could the Plaintiff substantiate any allegation that, the number of citizens of New Jersey in the plaintiff class is substantially larger than the number of citizens of any other State in the plaintiff class.

6. This Notice of Removal is timely filed pursuant to 29 U.S.C. § 1446(b) because it was filed less than thirty days from January 26, 2006, the date upon which the Defendant received a copy of the Complaint. No previous Notice of Removal has been filed or made to this court for the relief sought herein.

3

**WHEREFORE,** the Defendant Tri-Union Seafoods, L.L.C., d/b/a Chicken of the Sea, requests that this case be removed from the Superior Court of New Jersey, Law Division – Morris County, to the United States District Court for the District of New Jersey.

**Respectfully submitted,
TRI-UNION SEAFOODS, L.L.C,
d/b/a CHICKEN OF THE SEA INTERNATIONAL**
By its attorney,

_____
Kenneth A. Schoen (KS-7180)
Bonner Kieman Trebach & Crociata, LLP
140 Littleton Road – Suite 201
Parsippany, NJ 07054
(973) 335-8480

Dated: February 15, 2006

## CERTIFICATE OF SERVICE

I, Kenneth A. Schoen, hereby certify that a true copy of the within document was served upon Barry R. Eichen, Esq., Eichen Levinson, LLP, 40 Ethel Road, Edison, New Jersey 08817, via facsimile and Federal Express overnight delivery on February 15, 2006.

_____
Kenneth A. Schoen