**EICHEN LEVINSON & CRUTCHLOW, LLP**
40 Ethel Road
Edison, New Jersey 08817
(732) 777-0100
Attorneys for Plaintiff

| | |
|---|---|
| DEBORAH FELLNER,<br><br>               Plaintiff,<br><br>vs.<br><br>TRI-UNION SEAFOODS, L.L.C.,<br>d/b/a/ CHICKEN OF THE SEA,<br><br>               Defendant. | **UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY**<br><br>Civil Action 2:06-cv-00688-DMC-MF<br><br>AMENDED COMPLAINT<br><br>JURY DEMAND |

Plaintiff, Deborah Fellner, by and through her counsel, Eichen Levinson & Crutchlow, LLP, hereby makes this claim against the Defendant as follows:

## PARTIES

1. Plaintiff, Deborah Fellner, resides at 14 Bassett Avenue, Mine Hill Township, New Jersey, 07803.

2. Defendant Tri-Union Seafoods, d/b/a Chicken of the Sea, is a California corporation with its company headquarters located at 9330 Scranton Road, Ste 500, San Diego, California 92121.

## COUNT I
## VIOLATION OF THE NEW JERSEY PRODUCTS LIABILITY ACT

3. During the period 1993 through 2004, Plaintiff consumed approximately one can per day of Defendant's Chicken of the Sea albacore tuna products.

1

4. Defendant was aware that its tuna products contained methylmercury and/or other harmful compounds that could result in mercury poisoning.

5. Defendant canned and distributed its tuna products without any mercury warning, nor did it adequately disclosing the harmful effects of such compounds.

6. The Defendant, acting negligently as aforesaid, directly manufactured, processed, tested, canned, marketed and sold its tuna products to Plaintiff without adequate warning regarding the harmful mercury compounds contained in said tuna products.

7. Due to the negligence and statutory violations of the Defendant, Plaintiff Deborah Fellner contracted severe mercury poisoning and suffered extreme physical and emotional injuries.

8. Pursuant to N.J.S.A. 2A:58-C, *et seq.*, (New Jersey Products Liability Act) Plaintiff asserts all claims and causes of action against the Defendant, including but not limited to negligence, breach of implied warranty of merchantability, breach of implied warranty of fitness, strict liability, failure to warn and/or inadequate warning on theories of both negligence and strict liability, all claims and causes of action pertaining to the design, manufacture, sale and distribution of the defective tuna products which were not reasonably fit, suitable, or safe for their intended purposes as they were defectively designed, manufactured and/or failed to contain adequate warnings and/or instructions.

**WHEREFORE**, Plaintiff Deborah Fellner demands judgment against the Defendant for damages, costs of suit, interest, attorneys' fees, and other relief as this Court deems just and proper.

## COUNT II
## VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

9. Plaintiff hereby incorporates all the allegations of Count I.

10. The Defendant violated the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1 *et seq.*, by knowingly misrepresenting, concealing, suppressing, omitting, and/or failing to disclose material information regarding the presence of methylmercury and/or other harmful compounds in its Tuna Products, with the intent that Plaintiff rely upon such concealment, suppression, omission, and failure to disclose in purchasing the Defendant's Tuna Products.

11. Defendant, acting as aforesaid, violated the CFA by failing to disclose to Plaintiff that its Tuna Products contained methylmercury and/or other harmful compounds that could result in mercury poisoning.

12. Defendant violated the CFA by the knowing use of false and misleading representations regarding the safety of its Tuna Products and the presence therein of harmful levels of methylmercury and other harmful compounds that could result in mercury poisoning.

13. Pursuant to the Defendant's misrepresentations and omissions, Plaintiff was falsely led to believe that Defendant's Tuna Products did not contain unsafe levels of methylmercury and other harmful compounds that could result in mercury poisoning.

14. Plaintiff suffered medical expenses and other ascertainable losses as a result of the Defendant's actions.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, costs, treble damages, reasonable attorneys' fees, and any other relief as this Court deems just and proper.

**COUNT III**
**PUNITIVE DAMAGES**

15. Plaintiff hereby incorporates all the allegations of Count I and II.

16. Defendant knew that its tuna products contained methylmercury but continued to design, manufacture, market, and sell its tuna products so as to maximize sales and profits at the expense of the health and safety of the public, including plaintiff, in conscious and/or negligent disregard of the foreseeable harm of mercury poisoning.

17. Defendant intentionally concealed or misrepresented facts known to it regarding methylmercury in its tuna product.

18. Defendant failed to provide warnings to consumers about the risks of methylmercury in its tuna products.

19. Defendant's aforementioned conduct was committed with knowing, conscious, and deliberate disregard for the rights and safety of consumers such as plaintiff, thereby entitling plaintiff to punitive damages in an amount appropriate to punish defendants and deter them from similar conduct in the future. Defendants continues to promote its tuna products without warnings, and downplaying any risks.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for statutory, treble, and/or punitive damages, attorneys' fees and costs of suit, and such other and further relief as the Court may deem proper.

## CERTIFICATION PURSUANT TO RULE 11.2

I certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

## JURY DEMAND

Plaintiff demands trial of all issues by jury.

**EICHEN LEVINSON & CRUTCHLOW, LLP**
Attorneys for Plaintiff

Dated: July 7, 2009  By:   /s/ Barry R. Eichen
                          BARRY R. EICHEN, ESQ.