UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CIVIL ACTION NO.: 06-CV-688 (DMC) (MF)

DEBORAH FELLNER,
Individually and on Behalf of Those
Similarly Situated,

        Plaintiffs,

v.

TRI-UNION SEAFOODS, L.L.C.,
d/b/a CHICKEN OF THE SEA,

        Defendant.

---

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION FOR JUDICIAL NOTICE

---

Kenneth A. Schoen  KS-7180
BONNER KIERNAN TREBACH
 & CROCIATA, LLP
299 Cherry Hill Road, Suite 300
Parsippany, NJ  07054
(973)335-8480
*Attorneys for Defendant*

On the Brief:  John A. Kiernan, Esq.
               Kenneth A. Schoen, Esq.
               Scott H. Goldstein, Esq.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT..................................................................................1

LEGAL ARGUMENT ...........................................................................................2

    A. Plaintiff Failed to Take Any Steps To Oppose The Motion
       Before the Return Date, Thus The Motion Should Not Be Stricken.............2

    B. Even if the Court Considers Plaintiff's Motion, It Provides No Basis
       To Deny Tri-Union's Motion Seeking Judicial Notice
       for the Requested Documents...............................................................3


CONCLUSION ..................................................................................................5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(NEWARK VICINAGE)

CIVIL ACTION NO.: 06-CV-688 (DMC)

DEBORAH FELLNER,
Individually and on Behalf of Those
Similarly Situated,

    Plaintiffs,

v.

TRI-UNION SEAFOODS, L.L.C.,
d/b/a CHICKEN OF THE SEA,

    Defendant.

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION FOR JUDICIAL NOTICE

### PRELIMINARY STATEMENT

Plaintiff has improperly and belatedly filed a motion to strike Tri-Union's motion seeking judicial notice for several documents that would be helpful to the Court in assessing Tri-Union's Reply and Plaintiff's opposition to Tri-Union's motion to dismiss the Complaint pursuant to FRCP 12(b)(6). Indeed, Plaintiff did not respond to the motion in any fashion before the originally listed return date, and her time to respond to the motion has, therefore, elapsed. Even if the Court is inclined to consider plaintiff's opposition disguised as a motion, it has no merit because it lacks arguments disputing that the documents for which Tri-Union seeks judicial notice are entitled to be judicial noticed.

1

## Legal Argument

### A. Plaintiff Failed to Take Any Steps To Oppose The Motion Before the Return Date, Thus The Motion Should Not Be Stricken.

As an initial matter, this motion/opposition to defendant's motion for judicial notice is untimely as it was filed after the motion was fully submitted. The motion was submitted on short notice because the plaintiff's opposition to Tri-Union's motion to dismiss the Complaint necessitated the submission of additional (publicly available) documents to refute plaintiff's opposition. These documents included two FDA publications. The first is entitled, "Is Mercury in Fish a Safety Concern?," excerpted from the FDA Consumer, May, 1995 update. The second is a U.S. Food and Drug Administration FDA Talk Paper which was prepared by the FDA Press Office, and is entitled "FDA Announces Advisory on Methylmercury in Fish" dated January 12, 2001. The third document was entitled "Letter Responding to Health Claim Petition dated November 3, 2003 (Martek Petition): Omega-3 Fatty Acids and Reduced Risk of Coronary Heart Disease" dated September 8, 2004, published by CFSAN/Office of Nutritional Products, Labeling, and Dietary Supplements, written by William K. Hubbard, Associate Commissioner for Policy and Planning. See Exhibits A, B, and C to Schoen Certification.

Tri-Union had no other choice but to submit the motion for judicial notice on short notice to ensure that it would be heard by the Court in conjunction with the motion to dismiss so that the above-described documents could be considered on the motion. Plaintiff had ample opportunity to take steps to oppose the motion on or before the October 5, 2009 return date via letter, or a more formal opposition, but failed to do so.

The motion has already been submitted to the Court without opposition and plaintiff's time to respond has elapsed. Thus, the motion should be considered by the Court as it was submitted, unopposed.

### B. Even if the Court Considers Plaintiff's Motion, It Provides No Basis To Deny Tri-Union's Motion Seeking Judicial Notice for the Requested Documents.

Next, in the event that the Court considers plaintiff's motion, it is essentially a belated opposition to the motion. In that instance, there is ample support to grant Tri-Union's motion seeking judicial notice of the requested documents. Indeed, while plaintiff has argued that the motion for judicial notice did not contain any grounds or reasons why the Court should take judicial notice of the requested documents, plaintiff's own brief disputes this argument when she contended that Tri-Union's stated grounds for judicial notice was that the requested documents were publicly available documents. (See Plaintiff's brief in support of motion, p. 3) Given plaintiff's concession, she cannot reasonably dispute that Tri-Union's motion stated its grounds sufficiently enough to satisfy Fed. R. Civ. P 7(b)(1)(B).

Likewise, and more importantly, plaintiff's motion does not make even a casual attempt to argue that the documents for which Tri-Union seeks judicial notice are not entitled to be judicially noticed. Nonetheless, even if plaintiff made this argument it would be fruitless given the nature of the documents submitted.

Pursuant to Federal Rule of Evidence 201, a litigant must move to have the court take judicial notice of documents that it seeks to attach to a papers submitted on a motion to dismiss. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2)

capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. See Federal Rule of Evidence 201(b). A party is entitled upon request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken. See Federal Rule of Evidence 201(b).

While plaintiff correctly points out that Tri-Union's motion seeking judicial notice for certain documents erroneously omitted the footnoted citations to applicable case law that it meant to include, it does not change the fact that the documents are entitled to be judicially noticed. Indeed, these cases only served to bolster and further underscore Tri-Union's argument that the requested documents are entitled to be judicially noticed. As plaintiff concedes, Tri-Union argued that the Court is permitted to take judicial notice of publicly available documents on a motion to dismiss. That is precisely the proposition that the omitted cases supported. See *Hollis-Arrington v. PHH Mortgage Corp.*, No, 05-2556FLW, 2005 WL 3077853, (D.N.J 2005 (pursuant to Fed. R. Civ. P. 201 court may take judicial notice of public records on motion to dismiss); *Benak v. Alliance Capital Mgmt. L.P.*, 349 F. Supp. 2d 882, 889 n.8 (D.N.J. 2004) (on motion to dismiss, court may take judicial notice of publicly available documents); *Sonntag v. Papparozzi*, 256 F. Supp 320, 324 (D.N.J. 2003) ("[T]he court may take judicial notice of certain 'integral' documents or facts in resolving a motion to dismiss).

In addition, the court is also permitted to take judicial notice of agency documents, such as the two FDA published documents annexed to the motion for judicial notice and/or the "Letter Responding to Health Claim Petition dated November 3, 2003 (Martek Petition): Omega-3 Fatty Acits and Reduced Risk of Coronary Heart Disease,'

4

dated September 8, 2004. See e.g. *In re Vertex Pharmaceuticals, Inc., Securities Litigation*, 357 F. Supp. 2d 343 (D. Mass. 2005) (taking judicial notice of FDA policy regarding long-term animal testing as a matter of public record); *In re Wellbutrin SR/Zyban Antitrust Litigation*, 281 F. Supp. 2d 751, 755 n2 (E.D. Pa. 2003)(taking judicial notice of FDA report posted on official FDA website); *Warner-Lambert Co. v. Fed. Trade Comm'n*, 562 F.2d 749, 754 (D. D.C. 1977) (granting motion requesting court take judicial notice of FDA study of over the counter cold remedies).

Thus, even if the Court is inclined to consider plaintiff's motion, it is uncontroverted that the Court is permitted to and should take judicial notice of the FDA advisories and Martek Petition as requested by Tri-Union. Moreover, these materials will assist the Court in its decision-making process.

## CONCLUSION

Based on all of the foregoing reasons set forth above, plaintiff's motion to strike Tri-Union's motion for judicial notice should be denied.

**Respectfully submitted,**
**TRI-UNION SEAFOODS, L.L.C,**
**d/b/a CHICKEN OF THE SEA**
By its attorney,

Kenneth A. Schoen (#KS-7180)
Bonner Kiernan Trebach & Crociata, LLP
299 Cherry Hill Road, Suite 300
Parsippany, NJ 07054
(973) 335-8480

DATED: November 2, 2009

5

## CERTIFICATE OF SERVICE

I, Kenneth A. Schoen, hereby certify that a true copy of the within document was served upon Barry R. Eichen, Esq., Eichen Levinson, LLP, 40 Ethel Road, Edison, New Jersey 08817, via first class mail on November 02, 2009.

By: _____
Kenneth A. Schoen