# EICHEN LEVINSON & CRUTCHLOW

ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP

Barry R. Eichen §
Certified by the Supreme Court
as a Civil Trial Attorney

William O. Crutchlow
Certified by the Supreme Court
as a Civil Trial Attorney

William D. Levinson ‡ § ∆
Of Counsel

Please reply to:

☑ 40 Ethel Road
Edison, NJ 08817
Tel. (732) 777-0100
Fax (732) 248-8273

☐ 563 Lakehurst Road
Toms River, NJ 08753
Tel. (732) 575-1400
Fax (732) 281-5591

Edward McElroy

Christian R. Mastondrea ‡
Thomas Paciorkowski ‡
Kate Carballo, Esq. ‡

Wendy Alderman, R.N.
Medical Research

November 9, 2009

Hon. Dennis M. Cavanaugh, U.S.D.J.
United States District Court
U.S. P.O. and Courthouse Building
Federal Square
Newark, NJ 07101

Re: *Deborah Fellner, Individually and on Behalf of Those Similarly Situated v. Tri-Union Seafoods, L.L.C., d/b/a Chicken of the Sea*
*Civil Action No. 06-CV-688 (DMC)*
*Motion Return Date: November 16, 2009*

Dear Judge Cavanaugh:

I am enclosing herewith a courtesy copy of a Notice of Motion to Strike Defendants' Motion for Judicial Notice along with Plaintiff's Reply Memorandum of Law in Further Support of Her Motion to Strike Defendants' Motion for Judicial Notice.

Respectfully submitted,
EICHEN LEVINSON & CRUTCHLOW

By:  /s/ Barry R. Eichen

BRE/das
Encls.
Cc:   Kenneth A. Schoen, Esq., *Via Federal Express*

www.eichenlevinson.com
*Also Admitted To Practice Law In:* ‡*New York,* §*Pennsylvania,* ∆*District of Columbia*

dockets.Justia.com

FOR THE DISTRICT OF NEW JERSEY
(NEWARK VICINAGE)

EICHEN LEVINSON & CRUTCHLOW, LLP
40 Ethel Road
Edison, New Jersey 08817
(732) 777-0100
Attorneys for Plaintiff Deborah Fellner

| | | |
|---|---|---|
| DEBORAH FELLNER, | : | |
| Plaintiff | : | Civil Action 2:06-cv-00688-DMC-MF |
| vs. | : | |
| TRI-UNION SEAFOODS, L.L.C., | : | **NOTICE OF MOTION TO STRIKE DEFENDANTS' MOTION FOR JUDICIAL NOTICE** |
| d/b/a CHICKEN OF THE SEA, | : | |
| Defendant. | : | October 9, 2009 |

**To: Scott H. Goldstein**
BONNER KIERNAN TREBACH
& CROCIATA, LLP
299 Cherry Hill Road, Suite 300
Parsippany, New Jersey 07054
(973) 335-8480
Attorneys for Defendant

**PLEASE TAKE NOTICE** that on November 16, 2009 at 10:00 a.m. in the forenoon, or as soon thereafter as counsel may be heard, the undersigned, counsel for Plaintiff, Deborah Fellner, will apply to the United States District Court of New Jersey, Newark Vicinage, at the Martin Luther King, Jr. Federal Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey for the following relief:

Requesting that the Court Strike Defendant's Motion for Judicial Notice pursuant to Rule 7.1(c)(1) of the Local Rules of Civil Procedures and Rule 7(1)(B) of the Federal Rules of Civil Procedure.

**PLEASE TAKE FURTHER NOTICE** that in support of this motion, the undersigned will rely upon the Memorandum of Law filed herewith.

Respectfully submitted,

EICHEN LEVINSON & CRUTCHLOW
40 Ethel Road
Edison, New Jersey 08817
(732) 777-0100
Attorneys for Plaintiff

DATED: October 9, 2009

By: /s/ Barry R. Eichen
BARRY R. EICHEN

## CERTIFICATE OF SERVICE

I, Barry R. Eichen, hereby certify that a true copy of the within document was served upon Kenneth A. Schoen, Esq., Bonner Kiernan Trebach & Crociata, LLP at 299 Cherry Hill Road, Parsippany, New Jersey 07054 via Federal Express, overnight delivery on October 9, 2009.

DATED: October 9, 2009

By: /s/ Barry R. Eichen
BARRY R. EICHEN

FOR THE DISTRICT OF NEW JERSEY
(NEWARK VICINAGE)

EICHEN LEVINSON & CRUTCHLOW, LLP
40 Ethel Road
Edison, New Jersey 08817
(732) 777-0100
Attorneys for Plaintiff Deborah Fellner

| | |
|---|---|
| DEBORAH FELLNER, | : |
| Plaintiff | Civil Action 2:06-cv-00688-DMC-MF |
| vs. | : |
| TRI-UNION SEAFOODS, L.L.C., d/b/a CHICKEN OF THE SEA, | : |
| Defendant. | : |

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION TO STRIKE DEFENDANTS' MOTION FOR JUDICIAL NOTICE

Barry R. Eichen, Esq.<br>
EICHEN LEVINSON & CRUTCHLOW<br>
40 Ethel Road<br>
Edison, New Jersey 08817<br>
(732) 777-0100<br>
<i>Attorneys for Plaintiff</i>

On the Brief:  Barry R. Eichen, Esq.
               Kate Carballo, Esq.
               Thomas Paciorkowski, Esq.

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT .,..................................................................................1

II. LEGAL ARGUMENT......................................................................................3

    A.    Defendants' Argument that Plaintiff had "Ample Opportunity" to
           Oppose its Motion Requesting Judicial Notice is Disingenuous......................3

    B.    Defendants' Exhibits "A" and "B" are not entitled to Judicial
           Notice, while Exhibit "C" is entitled to Judicial Notice Only
           To the extent of document's existence..................................................…..........4

III. CONCLUSION..............................................................................................10

# TABLE OF AUTHORITIES

## CASES

### Court of Appeals for the Third Circuit

Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004).................................................5,7,9

Pension Benefit Guar. Corp. v. White Consol. Industries, 998 F.2d 1192 (3rd Cir.1993)......4,5,6

### United States District Court for the District of New Jersey

New West Urban Renewal Col. V. Westinghouse Elec. Corp. 909 F. Supp. 219 (D.N.J. 1995)
................................................................................................................................................5,8

Sonntag v. Papparozzi, 256 F.Supp.320 (D.N.J.2003).................................................6,7

### Other Jurisdictions

In re ATI Technologies, Inc. Securities Litig., 216 F. Supp2d. 418, 430 (E.D.Pa. 2002)...........6

In re Wellbutrin SR/Zyban Antitrust Litig., 281 F.Supp.2d 751, 755 (E.D. Pa. 2003)..............5

In re Tyrone F. Conner Corp Inc, 140 B.R. 771 (E.D.Cal. 1992)...........................................9

## RULES

Fed. R. Civ. P. 7.............................................................................................................4

Fed. R. Civ. P. 12...................................................................................................... 2,4

Fed. R. Evid. 201 ........................................................................................................5,6

L.Civ. R. 7.1 ................................................................................................................4

# PRELIMINARY STATEMENT

The Defendant moved this Court to take judicial notice of three documents which it claims are entitled to judicial notice: (1) a document titled "Is mercury in fish a safety concern?" (2) an FDA Talk paper, and (3) a letter. Rule 201 of the Federal Rules of Evidence mandates that only facts can be judicially noticed, and those facts must be of the type that are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Because Defendants failed to file the Motion in a timely manner and further failed to state with "particularity" grounds for relief, its Motion for Judicial Notice must be stricken. Furthermore, if this Court determines that Defendants have indeed complied with the applicable Rules for timely failing, Defendants' request for judicial notice must be denied as the documents fall woefully short of the standards governing Judicial Notice.

The first document, which is titled "Is mercury in fish a safety concern?" is neither readily known nor capable of accurate and ready determination. No author or publisher is cited either in the document or in defense counsel, Kenneth Schoen's certification. A careful reading of the document itself fails to disclose who wrote it or where it was published. Even though there is a URL printed at the bottom of the document, all attempts by Plaintiff's counsel to access said web address failed since the web page does not appear to be available any longer.[1] Even Kenneth Schoen's certification fails disclose how this document is generally known to the trial court or capable of ready and accurate determination.

What is even more disturbing is that Kenneth Schoen certified, "subject to punishment," that the document is both "publicly available" and dated "May 1995." Contrary to Mr. Schoen's

---

[1] Plaintiff had attempted to access the website link printed on the bottom of Defendants' Exhibit "A" but the web browser returned an "ERROR" message stating that "Service Unavailable."

1

certification, the document is not publicly available, nor is it dated May 1995. Rather, the document footer clearly displays the date "10/13/00." The bottom of Exhibit "A" clearly states: "Source: Excerpted from FDA Consumer, May 1995 update: Mercury in Fish: Cause for Concern?" Clearly, there is a "Cause for Concern" since the document is not properly authenticated and the source of its contents remains non-existent. Thus, this document should not be judicially noticed by this Court.

The second document defense counsel Kenneth Schoen asks this court to take judicial notice of is an FDA Talk paper dated January 12, 2001. Once again, Kenneth Schoen certified, "subject to punishment," that the document is "publicly available." Contrary to Kenneth Schoen's certification, all attempts by Plaintiff's counsel to access the web address: http://www.fda.gov/bbs/topics/ANSWERS/2001/ans01065.html return the error, "The page cannot be found," which isn't surprising considering that "Talk papers are subject to change as more information becomes available," a statement that is clearly printed at the top of Schoen's eight-year-old exhibit. Clearly, on its face, this document should not be judicially noticed by the court.

Lastly, for the purpose of judicial notice, Plaintiff concedes that Exhibit "C" is a public record and thus entitled to have this Court take judicial notice of the record's existence. However, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedures, the Court may not consider the facts in the record for their truth, without converting the motion to dismiss into one of summary judgment. Id. The Court may only take judicial notice that such record exists.

Therefore, Defendant's Motion for Judicial Notice must be stricken as an improper pleading because it fails to comply with the Local Rules of the District Court of New Jersey. In

the alternative, Defendants' Exhibits "A" and "B" are not entitled to judicial notice due to the dispute of their contents and authenticity.

## LEGAL ARGUMENT

### A. DEFENDANTS' ARGUMENT THAT PLAINTIFF HAD "AMPLE OPPORTUNITY" TO OPPOSE ITS MOTION REQUESTING JUDICIAL NOTICE IS DISINGENUOUS.

In their opposition papers the defense argues that Plaintiff's Motion to Strike was untimely since Plaintiff did not oppose it before the date it was returnable. Defs' Opposition, p2. Moreover, Tri-Union also claims that "Plaintiff had ample opportunity to take steps to oppose the motion on or before the October 5, 2009 return . . ." Id. Originally, Defendants were obligated to serve its reply in support of its Motion to Dismiss on September 28, 2009. Plaintiff had graciously agreed to extend the reply date to October 1, 2009. However, Defendants' Motion for Judicial Notice was electronically filed on Thursday, October 1, 2009 at 6:34 P.M. along with its Reply papers.

Given the facts that Defendants' motion was returnable on Monday, October 5 and that Plaintiff learned of this filing on the morning of Friday October 2; Plaintiff was taken by a complete surprise and prevented from opposing the motion in a timely manner. Not to mention the fact that Defendants' moving papers were incomplete and unsubstantiated.[2] Tri-Union's statement that Plaintiff failed to timely oppose its papers and further request that this Court consider its motion for Judicial Notice as unopposed is absurd. Since Plaintiff was generous enough to grant an extension of time to serve its Reply, Defendants could have extended the same courtesy by communicating its intent to file a Motion for Judicial Notice with its Reply papers to the Motion to Dismiss.

---

[2] Defendant concedes that its motion seeking judicial notice inadvertently omitted applicable case law in support of their request. Def's opposition, 4.

3

The defense also berates the Plaintiff for failing to make an argument (in her Motion to Strike) as to why Tri-Union is not entitled to judicial notice. Defs' Opposition, p3. However, Plaintiff was unable to make such an argument since the defense presented no argument in support of its request. See, Defs' Reply in further Suppoer fo Defs' Motion to Dismiss. Tri-Union's Motion for Judicial Notice was based on an unsubstantiated legal conclusion-that the documents are entitled to judicial notice because they are "publically available." Def's Certification in Support of Defs' Motion for Judicial Notice.

Thus, Plaintiff respectfully requests that Defendant's Motion for judicial notice be stricken since as argued in the moving papers, the Motion was untimely pursuant to L.Civ.R. 7.1(c)(1) and failed to state "with particularity" the grounds for seeking such relief required by Fed.R.Civ.P. 7(1)(B).

However, should this Court decide to consider Defendant's Motion for Judicial Documents, Plaintiff respectfully submits the arguments set forth below in opposition to Defendant's request for Judicial Notice.

**B. DEFENDANTS' EXHIBITS "A" AND "B" ARE NOT ENTITLED TO JUDICIAL NOTICE, WHILE EXHIBIT "C" IS ENTITLED TO JUDICIAL NOTICE ONLY TO THE EXTENT OF DOCUMENT'S EXISTENCE.**

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court may only look to the facts set forth in the complaint along with any exhibits attached thereto and matters of public record. *See* Pension Benefit Guar. Corp. v. White Consol. Industries, 998 F.2d 1192, 1196 (3rd Cir.1993). Without converting a motion to dismiss into one of summary judgment, the court may also consider an "undisputedly authentic" document if plaintiff's claims are based on that document and the defendant attaches a copy of it to the motion to dismiss. Id.

4

As defense correctly points out courts have defined public records to include published reports of administrative bodies because public records and government documents are generally considered "not to be subject to reasonable dispute." Pension Benefit Guar. Corp, at 1197. Plaintiff also concedes that that an agency report that is "published" on the world wide web does not affect the Court's ability to take judicial notice of the report when considering a 12(b)(6) motion to dismiss. In re Wellbutrin SR/Zyban Antitrust Litig., 281 F.Supp.2d 751, 755 (E.D. Pa. 2003).

While published reports of administrative agencies are considered matters of public record of which a court may take judicial notice, it may do so on a motion to dismiss only to establish the existence of the report, not for the truth of the facts asserted in the report. Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004). Rule 201 of the Federal Rules of Evidence governs judicial notice of adjudicative facts; therefore contents of documents such as public records may only be judicially noticed if they comply with Fed. R. Evid. 201. Specifically, Rule 201(b) reads: "Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate an ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Thus, documents that are "publicly available" are not entitled to judicial notice simply by virtue of being published. New West Urban Renewal Col. V. Westinghouse Elec. Corp. 909 F. Supp. 219, 228 (D.N.J. 1995) (holding that Mere fact of publication does not perforce qualify source as sufficiently accurate to form basis for judicial notice). Publicly available documents must first be the type of document that the court may consider in a motion to dismiss (i.e. a document that is relied upon by a plaintiff in her complaint and attached to defendant's motion to

dismiss) and must otherwise meet the requirements of Fed.R.Evid.201. Sonntag v. Papparozzi, 256 F.Supp.320, 324 (D.N.J.2003). Secondly, in order for the court to take judicial notice of facts contained in "publicly available documents" the facts "must be capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." In re ATI Technologies, Inc. Securities Litig., 216 F. Supp2d. 418, 430 (E.D.Pa. 2002).

Defendants are not entitled to judicial notice of Exhibits "A" and "B" as they are neither public records nor documents containing facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned since no sources have been provided.

**(1) Defendant's Exhibit "A"**

First Tri-Union requests this Court to take judicial notice of a two page, typed attachment which displays a large heading on the first page and a website link that is no longer valid. Defendant's Exhibit "A." Defendant's first document is not entitled to judicial notice because (1) the source of the "article" is not capable of accurate and ready determination by resorting to sources whose accuracy cannot be reasonably questioned; (2) the contents of the article/pieces of paper are in dispute and (3) the article/pieces of paper are not public records nor are they "publically available" documents pursuant to Fed.R.Evid.(201).

Doctrine of "judicial notice" permits a judge to consider generally accepted or readily verified facts as proved without requiring evidence to establish it, documents whose authenticity is dispute are not entitled to judicial notice. Fed.R.Evid.201, See Pension Benefit Guar. Corp. v. White Consol. Industries, 998 F.2d 1192, 1196 (3rd Cir.1993). Defendant requests this Court to take judicial notice of Exhibit "A" as a matter of public record, however, offers no evidence to support the document's authenticity. Indeed Mr. Shoen's Certification in support of Defendant's

motion seeking judicial notice states: "Annexed as Exhibit "A" is a true and accurate copy of the publicly available document, "Is Mercury in Fish a Safety Concern?" excerpted from the FDA Consumer, May, 1995 update. See <u>Kenneth A. Shoen's Certification in Opposition to Plaintiff's Motion seeking to Strike Defendant's Motion for Judicial Notice</u>. However, one must question the good faith of such certification since the two page document contains no signs that it was indeed prepared by the FDA.

In the present instance, the document displays an internet source on the bottom, however, if one attempts to locate the source via this website, the page is unavailable. Tri-Union does not offer any other evidence to support the document's authenticity by providing an available source of this information. Even if this Court determines that the document is a "public record" by virtue of Defendant's Certification, its contents may not be considered by the court for their truth, but only to demonstrate the existence of such article. <u>Lum v. Bank of America</u>, 361 F.3d at 222.

Lastly, Exhibit "A" is not subject to judicial notice as a "publicly available" document since Plaintiff did not rely on any of its contents in her complaint. Since the judge may not consider documents that are not of public record and not specifically relied upon by plaintiff in her complaint, Exhibit "A" may not be judicially noticed. <u>Sonntag v. Papparozzi</u>, 256 F.Supp.320, 324 (D.N.J.2003) (where the court took judicial notice of various newspaper articles and publications that were offered by the defense since plaintiff's complaint included similar articles and newspapers to support her claims). Furthermore, since the source of the document is unidentifiable, the contents of the document are subject to dispute since the matters contained therein are not "generally known" or capable of accurate and ready determination by resort to

sources whose accuracy cannot be reasonably questioned. Therefore, the Court may not take judicial notice of matters in dispute such as Exhibit "A"

**(2) Defendant's Exhibit "B"**

Next, the defense seeks Judicial Notice of Exhibits "B" to which Mr. Shoen certifies Exhibit "B" to be a "true and accurate copy of a publically available document "FDA Announces Advisory on Methylmercury in Fish" dated January 12, 2001 prepared by the FDA Press Office" See <u>Kenneth A. Shoen's Certification in Opposition to Plaintiff's Motion seeking to Strike Defendant's Motion for Judicial Notice.</u>

The defense once again argues that the document should be judicially noticed as a public record without presenting any evidence as to the source of the Exhibit. The only inkling of the exhibit's authenticity is the heading in the top left corner which states "U.S. Food and Drug Administration FDA TALK PAPER." <u>Defendants' Exhibit "B"</u>. The website indicated on the second page of the document is no longer accessible and since Defendant did not offer the Court any other source of its publication, information contained in this article is subject to a reasonable dispute.

Most importantly the advisory itself disclaims its accuracy and verification as the heading of the document states: "FDA Talk Papers are prepared by the Press Office to guide FDA personnel in responding with consistency and accuracy to questions from the public on subjects of current interest. Talk Papers are subject to change as more information becomes available." <u>Defendants' Exhibit "B."</u> The self proclaimed advisory creates a reasonable dispute as to the information contained therein as it disclaims its reliability on the first page and otherwise lacks appropriate verification of its contents. See <u>New West Urban Renewal Co.</u>, 209 F. Supp. At 229 (Judicial notice not taken of items just by virtue of being published where

argument was made that publications lacked "reliability" because they contained disclaimers of responsibilities and lacked appropriate "verification procedures"). Since judicial notice applies only to "adjudicative facts" the contents of advisory cannot be judicially noticed as they are neither matters of common knowledge nor capable of accurate verification.

Courts have held that "To sustain its burden of persuading trial judge that the adjudicative fact sought to be noticed is in fact proper for judicial notice, party must persuade court that particular fact is not reasonably subject to dispute and is capable of immediate and accurate determination by resort to source whose accuracy cannot reasonably be questioned, and must also supply the court with source material needed to determine whether request is justified." In re Tyrone F. Conner Corp Inc, 140 B.R. 771 (E.D.Cal. 1992) (reconsideration denied). No evidence other then the broken website link was presented to authenticate the document as a public record.

Lastly, as set forth in previous point, the document was not relied upon by Plaintiff in her complaint, thus the court may not consider it as a "publicly available" document for the purposes of Defendants' Motion to Dismiss. Likewise, there is a reasonable dispute as to the document's source and authenticity, preventing a finding that the document is a matter of "public record." Therefore, Defendants' request for judicial notice of Exhibit "B" must be denied.

**(3) Defendant's Exhibit "C"**

Defendant's Exhibit "C" is undisputedly a matter of public record since the source of the letter is easily verifiable. However, the Court may only take judicial notice that the record existed and not for the truth of its contents, without converting this motion to dismiss into one of summary judgment. Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004). Plaintiff agrees that Exhibit "C" is entitled to judicial notice to the extent that such letter existed on the date reflected in the document.

9

## CONCLUSION

Plaintiff respectfully requests that Defendant's Motion requesting Judicial Notice is stricken as an improper pleading for failing to comply with the appropriate time limits as proscribed by the Local Rules as well as Federal Rules of Civil Procedures. However, If the Court finds that Defendant's moving papers have otherwise complied with the filing rules, Plaintiff requests that only Defendant's Exhibit "C" is taken judicial notice of to the extent of the record's existence and not for the truth of the facts asserted therein.

Respectfully submitted,

BARRY R. EICHEN, ESQ
KATE CARBALLO, ESQ
THOMAS PACIORKOWSKI, ESQ
EICHEN LEVINSON & CRUTCHLOW
40 Ethel Road
Edison, New Jersey 08817
(732) 777-0100
Attorneys for Plaintiff

DATED: October 9, 2009

By: _/s/ Barry R. Eichen_
BARRY R. EICHEN